No. 92-273

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

CRAZY FULLMOON EAGLE,

     Plaintiff and Appellant,

  -vs-

RUSSIFF AUTO REPAIR,

     Defendant and Respondent.

FILED

SEP 22 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

         Crazy FullMoon Eagle, Pro Se, Billings, Montana

     For Respondent:

         James Hoban, Pro Se, Billings, Montana


Submitted on Briefs:  August 27, 1992

Decided:  September 22, 1992

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the Thirteenth Judicial District, County of Yellowstone, the Honorable William J. Speare presiding. Appellant Crazy FullMoon Eagle (Eagle) appeals from an order dismissing his appeal from an adverse decision made by the Yellowstone County Justice Court, Small Claims Division. We affirm.

Eagle's original complaint, filed in the Small Claims Division on September 16, 1991, alleged that respondent Russiff Auto Service (Russiff) had repaired Eagle's Ford Bronco incorrectly, causing problems that ultimately destroyed the engine and forced him to buy a new one at a total cost of $850. Russiff counterclaimed for $102.75, which was the unpaid balance due from Eagle on Russiff's invoice for parts and labor. After a hearing on October 9, 1991, the justice of the peace, Pedro R. Hernandez, dismissed Eagle's claim and entered judgment in favor of Russiff on its counterclaim. In "notations" following the order, Judge Hernandez found that Russiff did provide "correct service," and that Eagle was the cause of further failure.

The Justice Court order was entered on January 2, 1992, and a copy was mailed to Eagle on the same day. Eagle filed notice of appeal to the District Court on January 22, 1992. On March 17, Judge Speare dismissed the appeal because Eagle had not filed notice of appeal within ten days from entry of judgment, as required by § 25-35-803(1), MCA. Neither party was represented by counsel.

2

In a statement accompanying his notice of appeal to this Court, Eagle explained that he had not received notice of Judge Hernandez's decision until January 21, 1992. At the time of the hearing, he said, he had no place to live and was staying with friends in Livingston and Billings. His mailbox is in Roundup because he used to live there. He stated:

> I was able to get my mail during a three-day holiday (Martin Luther King Day), and when I received the decision from the judge, I filed the appeal the next day. The clerks at the Justice Court told me my appeal was late by three days. I explained my circumstance and they filed the appeal for me because of a showing of excusable neglect. . . . My filing of the appeal was immediate from the time I received it.

The file does not indicate whether Eagle's notice of the judgment was mailed to his post office box in Roundup or to the address on Russiff's countercomplaint, which listed Eagle's address as 2023 9th Ave. N., Apt. 4, Billings. The Billings address appeared in a letter Eagle wrote to Russiff on September 4, 1991, explaining why he had stopped payment on his check for the balance due on Russiff's repair invoice. At the end of the letter, Eagle requested a reply within ten days and added: "For communication purposes in this matter only, mail may be addressed c/o 2023 Ninth Avenue North, Apartment #4, Billings, MT 59101." The address on Eagle's opening brief for his District Court appeal, filed in February 1992, and on his brief for this appeal, filed in July, is "c/o 2715 Louise Lane, Billings, Montana."

Section 25-35-803(1), MCA, requires that notice of appeal from the small claims division of a justice court be filed within ten days after entry of judgment. No statutory provision has been made

3

for an extension of time to file notice of appeal to district court. Therefore the Justice Court in this case had no authority to extend the deadline, even under the extenuating circumstances Eagle presented.

Even if the Justice Court did have such authority, the District Court had no jurisdiction because the appeal did not address a question of law, as § 25-35-803(2), MCA, requires. Eagle's brief merely reiterated the details of his engine trouble. It raised no legal issues, nor did it challenge the procedure followed in Justice Court.

AFFIRMED.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4

September 22, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Crazy Fullmoon Eagle
c/o 2715 Louise Lane
Billings, MT   59102


Russiff Auto Service
3409 Montana Ave.
Billings, MT   59101


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy